UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN CAESAR BLANCO,<br><br>        Plaintiff,<br><br>v.<br><br>WALKERS' HOSTEL; NATIONAL TAIWAN UNIVERSITY; NATIONAL IMMIGRATION AGENCY; NATIONAL HEALTH INSURANCE ADMINISTRATION; POLICE; VICKY WANG<br><br>        Defendants. | Case No.: 18cv2324-JAH (BLM)<br><br>**ORDER DISMISSING CASE AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

    On September 27, 2018, Plaintiff, proceeding *pro se*, filed a complaint along with a motion to proceed *in forma pauperis*. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a).

    Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a

1

mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Thus, Section 1915(e)(2) provides the court reviewing any complaint filed by a person proceeding *in forma pauperis* with the authority and obligation to make and rule on its own motion to dismiss the complaint prior to service, or at any time it becomes clear that the action is frivolous, fails to state a claim, or seeks monetary relief from immune defendants. *See Calhoun*, 254 F.3d at 845. "[I]mmunity is an issue of subject-matter jurisdiction and, pursuant to the Federal Rules of Civil Procedure, 'if the court determines *at any time* that it lacks subject [matter] jurisdiction, the court must dismiss the action.')(emphasis in original)." *Rishikof v. Mortada*, 70 F. Supp. 3d 8, 17, n. 4 (D.D.C. 2014); Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts various claims of extortion, blackmail, discrimination, harassment, and wrongful termination against Walkers' Hostel, a specialty lodging establishment in the Republic of China (Taiwan), National Taiwan University, three national statutory agencies and two Taiwanese nationals, (collectively referred to as "Defendants"). Plaintiff brings these claims based on conduct alleged to have occurred in the Republic of China (Taiwan) and seeks compensatory and general damages in the amount of 900,000 dollars. Although Plaintiff asserts jurisdiction based upon diversity, the Court lacks jurisdiction under international law.

International law limits the extraterritorial jurisdiction a district court may exercise. *United States v. Campbell*, 798 F. Supp. 2d 293, 308 (D.D.C. 2011); *see also United States v. Vasquez-Velasco*, 15 F.3d 833, 840 (9th Cir. 1994) (discussing the five principles whereby the exercise of extraterritorial jurisdiction may be appropriate). "Courts generally look to international law principles to ensure that an extraterritorial application of United States laws is "reasonable." *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1204 (9th Cir. 1991). The allegations put forth by Plaintiff involve acts performed outside the United States. These acts produced no detrimental effects within the United States, do not impinge

on the territorial integrity, security, or political independence of the United States, nor were they committed by American nationals. *See Vasquez-Velasco*, 15 F.3d at 840. Where foreign nationals are involved the United States lacks jurisdiction over conduct performed outside its territory absent some nexus between the United States and the conduct. *See United States v. Crews*, 605 F. Supp. 730, 734 (S.D. Fla. 1985), *aff'd sub nom. United States v. McGill*, 800 F.2d 265 (11th Cir. 1986).

Moreover, Plaintiff lists as Defendants three national agencies, the National Police Agency and the National Immigration Agency within the Ministry of Interior and the National Health Insurance Administration under the Ministry of Health and Welfare of the Republic of China (Taiwan). The Foreign Sovereign Immunities Act of 1976 (FSIA or Act), 28 U.S.C. §§ 1330, 1602 *et seq* "provides that a 'foreign state shall be immune from the jurisdiction' of both federal and state courts except as provided in the Act." *Samantar v. Yousuf*, 560 U.S. 305, 309 (2010); 28 U.S.C. § 1604. "A foreign state…includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C § 1603. The Act is the "sole basis for obtaining jurisdiction over a foreign state in federal court." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989). The national agency Defendants are therefore immune from jurisdiction unless an enumerated exception applies. See §§ 1605 -1607 (enumerating exceptions). Plaintiff has failed to plead an applicable exception.

Accordingly, IT IS HEREBY ORDERED Plaintiff's complaint is **DISMISSED** with prejudice for want of jurisdiction and Plaintiff's motion to proceed *in forma pauperis* is **DENIED as MOOT.**

DATED: October 31, 2018

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE